UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JONATHAN C. KALTWASSER, on behalf of himself and all others similarly situated,

    Plaintiffs,

v.

AT&T MOBILITY LLC f/k/a CINGULAR WIRELESS LLC,
    Defendant.

CASE NO. 5:07-cv-00411-JF

**STIPULATED PROTECTIVE ORDER**

## 1. PURPOSES AND LIMITATIONS

The parties agree that this Stipulated Protective Order only applies for a limited time, subject to section 4 below, during which the parties have agreed to a "Negotiation Period." During this time, the parties will be exchanging information in a effort to resolve the issues in the case. The parties covenant that information designated pursuant to this Stipulated Protective Order during this Negotiation Period shall be promptly returned to the other party at the end of the Negotiation Period without retaining any copies, summaries, or abstracts. Nothing in this Stipulated Protective Order shall preclude either party from subsequently requesting the information in discovery. At that time, a new protective order will either be agreed upon between the parties, or will be raised by motion with the Court. The parties do not agree to the use of this form of protective order for litigation purposes nor is their agreement to any provision in this Stipulated Protective Order to be taken as assent to the inclusion of that provision in a protective order for litigation purposes.

## 2. DEFINITIONS

    2.1   Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

    2.2   Disclosure Materials: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things transcripts or tangible things) that

are produced or generated in disclosures during the "Negotiation Period."

2.3  "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Federal Rule of Civil Procedure 26(c).

2.4  "Highly Confidential" Information or Items: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5  Receiving Party: a Party that receives Disclosure Material from a Producing Party.

2.6  Producing Party: a Party that produces Disclosure Material in this action.

2.7  Designating Party: a Party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential."

2.8  Protected Material: any Disclosure that is designated as "Confidential" or "Highly Confidential."

2.9  Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10  House Counsel: attorneys who are employees of a Party.

2.11  Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12  Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13  Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

McKenna Long &
Aldridge LLP
Attorneys At Law
San Francisco

- 3 -

STIPULATED PROTECTIVE ORDER
CASE NO. 5:07CV00411-JF

3. **SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Protected Material, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus conversations or presentations by parties or counsel in settings that might reveal Protected Material. This Stipulated Protective Order applies to the parties' Protected Material as well as to Protected Material of third parties.

4. **DURATION**

Even after the expiration of this protective order, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect indefinitely until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. **DESIGNATING PROTECTED MATERIAL**

5.1 Manner and Timing of Designations. Except as otherwise provided in this Stipulated Protective Order (see, e.g., second paragraph of section 5.1(a), below), or as otherwise stipulated or ordered, material that a party reasonably believes in good faith qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Stipulated Protective Order requires:

(a) for information in documentary form that the Producing Party affix the legend "For Negotiation Only" and "Confidential" or "Highly Confidential" at the top of each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "Confidential" or "Highly Confidential").

(b) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "For Negotiation Only" and "Confidential" or "Highly Confidential." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected

McKenna Long &
Aldridge LLP
Attorneys at Law
San Francisco

- 4 -

STIPULATED PROTECTIVE ORDER
CASE NO. 5:07CV00411-JF

portions, specifying whether they qualify as "Confidential" or "Highly Confidential."

5.2  Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

5.3  Third Party Protected Materials. A Producing Party may designate materials in the manner described in section 5.1 if it reasonably believes in good faith that a third party may consider those materials to be "Confidential" or "Highly Confidential." Material so designated by a Producing Party or by a third party shall be treated as Protected Material in accordance with the provisions of this Stipulated Protective Order.

6. **ACCESS TO AND USE OF PROTECTED MATERIAL**

6.1  Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party in connection with this case only during the "Negotiation Period." Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order and the contents thereof shall not be used for any business, commercial, governmental, or competitive purpose, or used in any manner in any other case, litigation or proceedings whether or not factually related to this action. When the "Negotiation Period" is concluded, a Receiving Party must return all materials to the Designating Party. The Receiving Party shall then execute a sworn declaration attesting that it has returned all Protected Material and that no person who received Protected Material that was produced to the Receiving Party continues to possess any copies or derivatives of Protected Material. Notwithstanding this obligation, nothing in this Stipulated Protective Order shall preclude the Receiving Party from subsequently requesting any or all of the Protected Material in discovery.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this

Stipulated Protective Order.

6.2 <u>Disclosure of "Confidential" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b) the present and former officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 6.4, below, have been followed;

(d) any third party mediator(s) appointed by the Court or jointly selected by the parties to assist in a possible resolution of their dispute and who have signed the "Agreement to be Bound by Protective Order" (Exhibit A);

(e) professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f) the author of the document or the original source of the information.

6.3 <u>Disclosure of "Highly Confidential" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Highly Confidential" only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 6.4, below, have been followed;

(c) any third party mediator(s) appointed by the Court or jointly selected by the parties to assist in a possible resolution of their dispute and who have signed the "Agreement to Be Bound by the Protective Order" (Exhibit A);

(d) professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

(e) the author of the document or the original source of the information.

6.4 <u>Procedures for Approving Disclosure of "Highly Confidential" Information or Items to Experts.</u>

(a) Unless otherwise ordered by the court or agreed in writing by the Designating Party, a Party that seeks to disclose to an Expert any information or item that has been designated "Highly Confidential" first must make a written request to the Designating Party that (1) identifies the specific Highly Confidential information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation for work in his or her areas of expertise or to whom the expert has provided professional services at any time during the preceding five years, unless such disclosure would violate a court order preventing disclosure of this information or would violate a confidentiality obligation of the Expert, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has provided any professional services during the preceding five years, unless such disclosure would violate a court order preventing disclosure of this information or would violate a confidentiality obligation of the Expert.

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 7 -

STIPULATED PROTECTIVE ORDER
CASE NO. 5:07CV00411-JF

(b) A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within seven court days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any additional means that might be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration in which the movant describes the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

## 7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "Confidential" or "Highly Confidential," the Receiving Party must so notify the Designating Party, in writing (by fax in advance, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused

McKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 8 -

STIPULATED PROTECTIVE ORDER
CASE NO. 5:07CV00411-JF

the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Stipulated Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulated Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material - and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

In the event that any information or items designated as "Confidential" or "Highly Confidential," are provided pursuant to subpoena or compulsory process, such information shall continue to be treated as "Confidential" or "Highly Confidential," by all persons subject to this Stipulated Protective Order unless and until the Court orders otherwise.

8. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. **MISCELLANEOUS**

9.1 Right to Further Relief. Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

9.2 Right to Assert Other Objections. By stipulating to the entry of this Stipulated

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 9 -

STIPULATED PROTECTIVE ORDER
CASE NO. 5:07CV00411-JF

1  Protective Order no Party waives any right it otherwise would have to object to disclosing or
2  producing any information or item on any ground not addressed in this Stipulated Protective
3  Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of
4  the material covered by this Stipulated Protective Order.

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

McKenna Long &
Aldridge LLP
Attorneys At Law
San Francisco

- 10 -

STIPULATED PROTECTIVE ORDER
CASE NO. 5:07CV00411-JF

|   |   |
|---|---|
| 1 | IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD. |
| 2 | Dated: April 10, 2007 |

_____
Michael D. Braun (167416)
Joseph N. Kravec, Jr (*PRO HAC VICE*)
Janet Lindner Spielberg (221926)
Ira Spiro (67641)

*Attorneys for Plaintiff and the Proposed Class*

Dated: April 10, 2007

_____
Felicia Y. Feng
David L. Balser (*PRO HAC VICE*)
Nathan L. Garroway (*PRO HAC VICE*)
McKENNA LONG & ALDRIDGE LLP

*Attorneys for Defendant*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: April 13, 2007

_____
~~Honorable Jeremy Fogel~~
~~UNITED STATES DISTRICT COURT~~
PATRICIA V. TRUMBULL
UNITED STATES MAGISTRATE JUDGE

McKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 11 -

STIPULATED PROTECTIVE ORDER
CASE NO. 5:07CV00411-JF

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, [print or type full name], of [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of *Jonathan Kaltwasser et al. v. AT&T Mobility LLC f/k/a Cingular Wireless LLC*, 5:07-cv-00411-JF. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint [print or type full name] of [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____