1   DONALD M. FALK (SBN 150256)
    MAYER BROWN LLP
2   Two Palo Alto Square, Suite 300
    3000 El Camino Real
3   Palo Alto, CA  94306-2112
    Telephone: (650) 331-2000
4   Facsimile:  (650) 331-2060
    Email:      dfalk@mayerbrown.com
5
6   Attorney for Defendant AT&T MOBILITY LLC
    f/k/a Cingular Wireless LLC
7
                   **UNITED STATES DISTRICT COURT**
8                **NORTHERN DISTRICT OF CALIFORNIA**
                        **SAN JOSE DIVISION**
9

10  JONATHAN C. KALTWASSER, on behalf of          Case No.: 5:07-cv-00411-JF
    himself and all others similarly situated,
11                                                DEFENDANT AT&T MOBILITY LLC'S
                   Plaintiff,                     MOTION TO STAY PROCEEDINGS
12                                                PENDING APPEAL
         v.
13                                                Date: May 23, 2008
    CINGULAR WIRELESS, LLC,                       Time: 9 a.m.
14
                   Defendant.                         Honorable Jeremy Fogel
15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................................ ii

INTRODUCTION AND SUMMARY OF ARGUMENT ........................................... 1

BACKGROUND ...................................................................................................... 2

ARGUMENT ............................................................................................................ 3

I.     A STAY IS WARRANTED BECAUSE ATTM'S APPEAL RAISES "SUB-
       STANTIAL," NON-FRIVOLOUS QUESTIONS........................................... 3

II.    THE BALANCE OF THE EQUITIES TIPS HEAVILY IN FAVOR OF A STAY ........ 7

       A.     Further Proceedings In This Court Pending Resolution Of ATTM's Ap-
              peal Would Cause ATTM Irreparable Harm ......................................... 7

       B.     Any Delay In Proceedings Occasioned By A Stay Would Not Cause Plain-
              tiff Material Injury ............................................................................... 9

       C.     A Stay Would Be In The Public Interest ............................................. 10

CONCLUSION........................................................................................................ 11

1

## TABLE OF AUTHORITIES

2

**Cases**                                                             **Pages**

3

*Alascom, Inc. v. ITT N. Elec. Co.*, 727 F.2d 1419 (9th Cir. 1984)..................8

4

*A.G. Edwards & Sons, Inc. v. McCollough,*
    967 F.2d 1401 (9th Cir. 1992) ...........................................................11

5

6

*Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249 (11th Cir. 2004)...........4

7

*Bombardier Corp. v. Nat'l R.R. Passenger Corp.*, 2002 WL 31818924
    (D.C. Cir. Dec. 12, 2002)...................................................................4

8

*Bradford-Scott Data Corp. v. Physician Computer Network, Inc.*,
    128 F.3d 504 (7th Cir. 1997) ...........................................................4, 9

9

10

*Britton v. Co-op Banking Group*, 916 F.2d 1405 (9th Cir. 1990)...............1, 4, 7

11

*C.B.S. Employees Fed. Credit Union v. Donaldson, Lufkin & Jenrette Sec.*
    *Corp.*, 716 F. Supp. 307 (W.D. Tenn. 1989) ...............................7, 9, 10

12

13

*Cendant Corp. v. Forbes*, 72 F. Supp. 2d 341 (S.D.N.Y. 1999)...................4

14

*Cervantes v. Pacific Bell Wireless*, No. 05 CV 01469 JM (RBB)
    (S.D. Cal. Mar. 8, 2006)...................................................................2

15

16

*Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681 (1996).............................7

17

*Eberle v. Smith*, 2008 WL 238450 (S.D. Cal. Jan. 29, 2008) .................2, 9, 11

18

*Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207 (3d Cir. 2007) ...................4

19

*Enderlin v. XM Satellite Radio Holdings, Inc.*, 2008 WL 830262
    (E.D. Ark. Mar. 25, 2008)...............................................................7

20

21

*Foley v. Interactive Data Corp.*, 765 P.2d 373 (Cal. 1988)...........................7

22

*Ford v. Verisign, Inc.*, No. 05 CV 0819 (S.D. Cal. Mar. 8, 2006)...................2

23

*Grubb & Ellis Co. v. Bello*, 23 Cal. Rptr. 2d 281 (Cal. Ct. App. 1993) ...........7

24

*Laster v. T-Mobile USA, Inc.*, No. 05-cv-1167-DMS-AJB
    (S.D. Cal. Mar. 14, 2006)................................................................2

25

26

*Lopez v. Heckler*, 713 F.2d 1432 (9th Cir. 1983) ........................................11

27

*Lummus Co. v. Commonwealth Oil Ref. Co.*, 273 F.2d 613 (1st Cir. 1959)..............9

28

-ii-

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*Lux v. Good Guys, Inc.*, 2006 WL 357820 (C.D. Cal. Feb. 8, 2006)..............................................5

*McCauley v. Halliburton Energy Servs., Inc.*,
    413 F.3d 1158 (10th Cir. 2005) ....................................................................................4

*Motorola Credit Corp. v. Uzan*, 388 F.3d 39 (2d Cir. 2004)............................................4

*Omstead v. Dell, Inc.*, 533 F. Supp. 2d 1012 (N.D. Cal. 2008) .......................................5

*Preston v. Ferrer*, 128 S. Ct. 978 (2008) .................................................................6, 7

*Provencher v. Dell, Inc.*, 409 F. Supp. 2d 1196 (C.D. Cal. 2006)....................................5

*Ramirez v. Cintas Corp.*, 2005 WL 2894628 (N.D. Cal. Nov. 2, 2005)...........................6

*Sasik v. AT & T Wireless Servs., Inc.*, CV 05-2346 ABC
    (C.D. Cal. Nov. 1, 2006) .........................................................................2, 8, 11

*Shroyer v. New Cingular Wireless Services, Inc.*,
    498 F.3d 976 (9th Cir. 2007) ......................................................................6

*Stern v. Cingular Wireless LLC*, 2006 WL 2790243
    (C.D. Cal. Sept. 11, 2006)......................................................................2, 3, 8, 11

*Trefny v. Bear Stearns Sec. Corp.*, 243 B.R. 300 (S.D. Tex. 1999) ...........................9, 10

*Winig v. Cingular Wireless LLC*, 2006 WL 3201047
    (N.D. Cal. Nov. 6, 2006)...................................................................2, 7, 8, 10, 11

**Statutes**

9 U.S.C. § 16(a) ...............................................................................................9

9 U.S.C. § 16..................................................................................................3

H.R. Rep. No. 100-889, at 36-37 (1988), *reprinted in* 1988 U.S.C.C.A.N.
    5982, 5997................................................................................................3

-iii-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF AUTHORITIES**
**(continued)**

Page(s)

**Miscellaneous**

15B CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE
§ 3914.17 (2d ed. 1992) ...........................................................................................3

Edith H. Jones, *Appeals Of Arbitration Orders—Coming Out Of The Serbonian Bog*,
31 S. TEX. L. REV. 361, 375-376 (1990) ........................................................... 3

-iv-

1    PLEASE TAKE NOTICE that on May 23, 2008, at 9 a.m., or as soon thereafter as the

2    matter may be heard, Defendant AT&T Mobility LLC ("ATTM"), formerly Cingular Wireless

3    LLC, will move and hereby does move for an order to stay all judicial proceedings in this Court

4    pending resolution of its appeal from the Court's April 11, 2008 Order denying its motion to

5    compel arbitration and dismiss this action.  ATTM respectfully requests that this Court stay the

6    proceedings while ATTM's appeal is pending so that ATTM has an effective opportunity to seek

7    review.

8                    **POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION**

9                        **INTRODUCTION AND SUMMARY OF ARGUMENT**

10    When a party appeals from the denial of a motion to compel arbitration, a stay pending

11    appeal is warranted so long as the appeal presents "substantial," non-frivolous issues.  *Britton v.*

12    *Co-op Banking Group*, 916 F.2d 1405, 1412 (9th Cir. 1990).  ATTM's appeal satisfies that

13    standard.  Although we acknowledge that the Court rejected our legal positions, we respectfully

14    submit that the questions whether the Court erred in concluding that (i) California law applies;

15    and (ii) ATTM's December 2006 arbitration provision is unconscionable under California law

16    are "substantial" ones.  So too is the Court's implicit holding that the Federal Arbitration Act

17    ("FAA") does not preempt the Court's interpretation of California law—under which no class

18    waiver in a consumer arbitration agreement would likely be enforceable.

19    Moreover, the balance of the equities strongly tips in favor of granting a stay.  Litigation

20    in this Court is precisely the harm that ATTM's arbitration provision and the FAA were intended

21    to avoid.  Delving into discovery and pre-trial motions (and possibly conducting a trial) before

22    ATTM's appeal is heard would irreparably waste resources if the Court of Appeals (or U.S.

23    Supreme Court) were to reverse.  By contrast, Kaltwasser can make no comparable claim of

24    irreparable harm that would result from a stay.  His claim is small (assuming it has any monetary

25    value at all), so the delay in having it adjudicated cannot possibly affect him financially.  And

26    even if Kaltwasser did have a compelling need for his claim to be resolved immediately, he

27    could readily redress that need by proceeding in small claims court or sending ATTM a notice of

28    intent to arbitrate.

Finally, the public policies favoring conservation of judicial resources and encouraging arbitration strongly support a stay. Under these circumstances, there can be no justification for requiring ATTM to engage in burdensome, expensive, and potentially meaningless litigation in this Court while its appeal is pending. Indeed, federal district courts in California have repeatedly so held. *See Eberle v. Smith*, 2008 WL 238450, at *2-*4 (S.D. Cal. Jan. 29, 2008); *Winig v. Cingular Wireless LLC*, 2006 WL 3201047, at *1-*3 (N.D. Cal. Nov. 6, 2006) ("*Winig* Order"); *Sasik v. AT & T Wireless Servs., Inc.*, CV 05-2346 ABC (C.D. Cal. Nov. 1, 2006) ("*Sasik* Order"; attached as Addendum I); *Stern v. Cingular Wireless LLC*, 2006 WL 2790243, at *1-*2 (C.D. Cal. Sept. 11, 2006) ("*Stern* Order"); *Laster v. T-Mobile USA, Inc.*, No. 05-cv-1167-DMS-AJB, at 5 (S.D. Cal. Mar. 14, 2006) ("*Laster* Order"; attached as Addendum II); *Ford v. Verisign, Inc.*, No. 05 CV 0819 JM (RBB), at 3 (S.D. Cal. Mar. 8, 2006) ("*Ford* Order"; attached as Addendum III); *Cervantes v. Pacific Bell Wireless*, No. 05 CV 01469 JM (RBB), at 3 (S.D. Cal. Mar. 8, 2006) ("*Cervantes* Order"; attached as Addendum IV).

## BACKGROUND

Kaltwasser sued ATTM on January 22, 2007, alleging that he renewed his wireless service as a result of ATTM's advertising that it has the fewest dropped calls. Compl. ¶¶ 32-33. While engaging in settlement discussions, the parties agreed to extend ATTM's time to respond to the complaint for several months. In October 2007, ATTM moved to compel arbitration. Docket No. 26. This Court denied ATTM's motion on April 11, 2008, holding that California law rather than Virginia law applies to Kaltwasser's challenge to ATTM's arbitration provision and that ATTM's provision is unenforceable under California law. Docket No. 62. On April 14, 2008, ATTM filed a notice of appeal pursuant to Section 16 of the FAA, which authorizes an immediate appeal from an order denying arbitration. Docket No. 64. ATTM has also moved for a brief interim stay until the Court decides whether to grant this motion for a stay pending ap-

peal.[1]

## ARGUMENT

## I.   A STAY IS WARRANTED BECAUSE ATTM'S APPEAL RAISES "SUBSTANTIAL," NON-FRIVOLOUS QUESTIONS.

As other federal district courts in California have recognized, the statutory history of the FAA evidences a congressional preference for stays pending appeal.  When Congress amended the statute in 1988, it authorized interlocutory appeals only from orders *denying* motions to compel or stay litigation during arbitration, while barring appeals from orders *granting* such motions.[2]  Thus, "[b]y specifically allowing for an immediate appeal from a decision denying arbitration, Congress has * * * indicated that all questions of whether a dispute should be arbitrated should be resolved before time and money is spent in litigation." *Ford* Order at 4; *see also Cervantes* Order at 3 (same); *Stern* Order at *1 ("Congress * * * indicated its policy favoring arbitration by specifically allowing for immediate appeal of a decision denying a motion to compel arbitration.").  In short, the 1988 amendments embody "a deliberate determination that appeal rules should reflect a strong policy favoring arbitration," which is "commonly valued because in comparison to litigation it is seen as faster, less expensive, and more expert."  15B CHARLES ALAN WRIGHT *ET AL.*, FEDERAL PRACTICE AND PROCEDURE § 3914.17 (2d ed. 1992).

Congress recognized in these amendments that "the expense and delay associated with preparation for trial would obviate the benefits of arbitration, producing a costly error should the

---

[1]   On April 15 and 16, 2008, counsel for ATTM conferred with counsel for Kaltwasser and requested that Kaltwasser agree to a stay of proceedings pending the resolution of ATTM's appeal.  Kaltwasser's counsel refused to do so.  Declaration of Nathan Garroway ¶¶ 2-3.

[2]   As the House report explains:

> [I]nterlocutory appeals are provided for when a trial court rejects a contention that a dispute is arbitrable under an agreement of the parties and instead requires the parties to litigate.  In contrast, interlocutory appeals are specifically prohibited * * * when the trial court finds that the parties have agreed to arbitrate and that the dispute comes within the arbitration agreement.

H.R. Rep. No. 100-889, at 36-37 (1988), *reprinted in* 1988 U.S.C.C.A.N. 5982, 5997; *see also* 9 U.S.C. § 16 (codifying amendments).

district court's refusal to enforce an arbitration agreement be reversed on appeal."  Edith H.
Jones, *Appeals of Arbitration Orders—Coming Out of the Serbonian Bog*, 31 S. TEX. L. REV.
361, 375-376 (1990).  Accordingly, "the fact that Congress made provision in section 16 for an
interlocutory appeal from a denial of * * * arbitration will usually tilt the balance in favor of
granting such a stay whenever doing otherwise would effectively deprive the appellant of the
possibility of having the underlying controversy presented to an arbitrator in the first instance."
*Cendant Corp. v. Forbes*, 72 F. Supp. 2d 341, 343 (S.D.N.Y. 1999).  For this reason, "[a] district
court must be careful not to undermine this policy by pushing forward with a case in the face of a
pending appeal from the denial of arbitration, except in more compelling circumstances than are
here presented."  *Id.*

To be sure, in the Ninth Circuit an appeal from the denial of a motion to compel arbitra-
tion does not ***automatically*** result in a stay of litigation.  In *Britton*, the Ninth Circuit held that
such an appeal does not "divest[]" the district court "of jurisdiction to proceed with the case on
the merits."  916 F.2d at 1412.  That holding conflicts with decisions of five other federal courts
of appeals, which have held that such an appeal generally does divest the district court of juris-
diction to continue proceedings and thereby effectively institutes a stay.[3]  We accordingly pre-
serve the argument that *Britton* is on the wrong side of the split among the circuits for potential
review by the en banc Ninth Circuit and the U.S. Supreme Court.

In any event, a stay is fully appropriate under the Ninth Circuit's test.  The *Britton* court's
holding that an appeal does not divest the trial court of jurisdiction rested on the view that an
automatic stay "would allow a defendant to stall a trial simply by bringing a ***frivolous*** motion to
compel arbitration."  *Britton*, 916 F.2d at 1412 (emphasis added).  The Ninth Circuit made clear,

---

[3]    *See Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 215 n.6 (3d Cir. 2007); *McCauley v. Halliburton Energy Servs., Inc.*, 413 F.3d 1158, 1160 (10th Cir. 2005); *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1251 (11th Cir. 2004); *Bombardier Corp. v. Nat'l R.R. Passen-ger Corp.*, 2002 WL 31818924, at *1 (D.C. Cir. Dec. 12, 2002); *Bradford-Scott Data Corp. v. Physician Computer Network, Inc.*, 128 F.3d 504, 506 (7th Cir. 1997).  *But see Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 54 (2d Cir. 2004) ("adopt[ing] the Ninth Circuit's position" in *Brit-ton*).

1  however, that a district court is authorized to grant a stay whenever "the court finds that the
2  motion [to compel arbitration] presents a substantial question." *Id.*

3      We respectfully submit that, in this case, ATTM's appeal raises a number of "substantial"
4  issues.  Because the Court is familiar with our arguments, we will not repeat them in detail.
5  What is important for present purposes is not whether the Court agrees with the merits those
6  arguments, but simply whether those arguments are sufficiently debatable to make our appeal
7  non-frivolous.  We submit that they plainly are.  First, the interpretation of the choice-of-law
8  provision in ATTM's contract with Kaltwasser surely presents a substantial question.  This
9  provision has never before been interpreted by a court, so the issue is one of first impression.[4]
10 Moreover, it is hardly frivolous to contend that this provision should be read *in pari materia* with
11 the provision specifying that the arbitration will take place in the place of the customer's billing
12 address, which generally is the place where the customer resides when the customer files the
13 arbitration demand.  For this reason and others, it also is not frivolous to contend that it is within
14 the reasonable expectations of a customer that the law that applies to his claim is the law of the
15 state where he resides when he files suit.  There also can be no denying that several courts have
16 disagreed with this Court's conclusion that it violates a fundamental public policy of California
17 to apply the law of a state that deems agreements to arbitrate on an individual basis to be en-
18 forceable.  For example, Judge Hamilton recently explained that "plaintiffs have provided no
19 currently valid authority to support their claim that the class action waiver in Dell's 'Terms &
20 Conditions' violates fundamental California public policy.  Moreover, the court is aware of none.
21 Accordingly, the court finds* * * that Texas law should be applied[.]"  *Omstead v. Dell, Inc.*,
22 533 F. Supp. 2d 1012, 1036 (N.D. Cal. 2008); *see also Provencher v. Dell, Inc.*, 409 F. Supp. 2d
23 1196, 1203 (C.D. Cal. 2006) (applying Texas law upon finding that "the parties' arbitration
24 provision and class action waiver here do not exempt Dell from the consequences of its alleged

25 _____

26 [4]    ATTM consistently has construed the provision to dictate application of the law of the state
27 in which the customer resides at the time of suit, even when that means application of law more
   favorable to the customer than the law of the state in which the contract was formed.  In no case
28 before this one has a customer disputed that interpretation.

1   wrongdoing" and accordingly "do not violate a fundamental policy of California"); *Lux v. Good*

2   *Guys, Inc.*, 2006 WL 357820, at *1 (C.D. Cal. Feb. 8, 2006) ("the parties' arbitration provision

3   and class action waiver do not violate a fundamental policy of California, and, therefore, the

4   Court was correct in analyzing [their] enforceability * * * under Nevada law in accordance with

5   the choice of law provision in the parties' agreement"); *Ramirez v. Cintas Corp.*, 2005 WL

6   2894628, at *5 (N.D. Cal. Nov. 2, 2005) ("Because * * * in some instances waivers of class

7   arbitration may be permitted [under California law], the Court cannot conclude that application

8   of Ohio law would necessarily violate a fundamental California policy * * *."). The division

9   among district courts in California on this issue underscores that ATTM's appeal raises a sub-

10  stantial question for the Ninth Circuit's resolution.

11      ATTM's argument that its arbitration provision is not substantively unconscionable under

12  California law similarly raises a substantial question. Neither the Ninth Circuit nor the Califor-

13  nia appellate courts have ever addressed the enforceability of an arbitration provision that pro-

14  vides affirmative inducements to invoke the arbitration process. Indeed, as the Ninth Circuit

15  explained in invalidating an earlier, materially different version of ATTM's arbitration provision:

16  "We do not hold that all class action waivers are necessarily unconscionable." *Shroyer v. New*

17  *Cingular Wireless Services, Inc.*, 498 F.3d 976, 983 (9th Cir. 2007). In these circumstances, the

18  question whether ATTM's arbitration provision, which undeniably goes far beyond any other

19  existing consumer arbitration provision in providing individuals with incentives to arbitrate, is

20  unconscionable is surely a "substantial" one.

21      So too is ATTM's preemption argument. The Supreme Court's recent decision in *Pre-*

22  *ston v. Ferrer*, 128 S. Ct. 978 (2008), makes it at least an open question whether California may

23  impose procedural preconditions to the enforcement of arbitration provisions. *See id.* at 985

24  (FAA preempts California Talent Agencies Act's requirement that parties notify Labor Commis-

25  sioner of their dispute and allow her to participate in the arbitration). Because conditioning

26  enforcement of an arbitration provision on the absence of a class waiver is a very significant

27  procedural requirement, ATTM's preemption argument is sufficiently "substantial" to warrant a

28  stay pending appeal. Moreover, ATTM has a powerful argument that the FAA preempts this

-6-

Court's reason for finding ATTM's arbitration provision to be unconscionable—that the class waiver is one-sided because only customers and not ATTM ever would have a need to bring a class action. Order at 8. California has no generally applicable requirement that every provision of every contract must be entirely mutual. To the contrary, like virtually every other jurisdiction, California has rejected any requirement of point-by-point bilaterality in favor of requiring simply that there be consideration for the agreement as a whole. *See Foley v. Interactive Data Corp.*, 765 P.2d 373, 381 n.14 (Cal. 1988) ("If the requirement of consideration is met, there is no additional requirement of equivalence in the values exchanged, or 'mutuality of obligation.'") (internal quotation marks and ellipsis omitted); *Grubb & Ellis Co. v. Bello*, 23 Cal. Rptr. 2d 281, 283-84 (Cal. Ct. App. 1993) ("Mutuality of obligation does not require that both parties to the agreement be subject to arbitration. * * * Mutuality of contract does not require that there should be mutuality of remedies under it.") (internal quotation marks omitted). Because the Court struck down ATTM's arbitration provision under a doctrine that does not apply generally to all contracts, there is a very "substantial" question whether its holding runs afoul of Section 2 of the FAA. *See Preston*, 128 S. Ct. at 985 (holding California statute was preempted because it "imposes prerequisites to enforcement of an arbitration agreement that are not applicable to contracts generally") (citing *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996)); *Enderlin v. XM Satellite Radio Holdings, Inc.*, 2008 WL 830262, at *10 (E.D. Ark. Mar. 25, 2008) ("[t]he Court agrees * * * that Arkansas law requiring mutuality within the arbitration paragraph itself is preempted by the FAA because it places the arbitration clause on unequal footing with other contract terms that do not each have to be mutual").

## II.     THE BALANCE OF THE EQUITIES TIPS HEAVILY IN FAVOR OF A STAY.

To determine whether a stay should be granted, the Court may also consider whether (1) the stay applicant "will be irreparably injured absent a stay"; (2) a stay would "substantially injure the other parties interested in the proceeding"; and (3) the "public interest favors a stay." *C.B.S. Employees Fed. Credit Union v. Donaldson, Lufkin & Jenrette Sec. Corp.,* 716 F. Supp. 307, 310 (W.D. Tenn. 1989) (brackets omitted) (cited in *Britton*, 916 F.2d at 1412); *see also Winig* Order at *1 n.1 (considering *C.B.S.* factors). All of these factors weigh in favor of grant-

-7-

ing a stay in this case.

### A. Further Proceedings In This Court Pending Resolution Of ATTM's Appeal Would Cause ATTM Irreparable Harm.

There can be no question that ATTM will be irreparably harmed if a stay is denied.  If the Ninth Circuit (or the United States Supreme Court) later were to determine that ATTM's motion to compel arbitration should be granted, the action will proceed in an arbitral forum, not in this Court, and the responsibility for discovery and other matters will lie with the arbitrators.

Under such circumstances, other federal district courts in California have repeatedly held that stays pending appeal from an order denying a motion to compel arbitration are appropriate.  As Judge Miller found in granting a stay motion in a case involving ATTM's prior arbitration provision:

> Undoubtedly, Defendants will suffer ***irreparable harm*** without a stay of proceedings.  They will be forced to incur the expenses of preparing for trial, losing the advantages of arbitration, even if the Ninth Circuit ultimately orders arbitration.  Although the costs are less than if Defendants could not appeal until after trial, these are still costs that Defendants would have avoided had the case proceeded to arbitration.

*Ford* Order at 3-4 (emphasis added); *see also Cervantes* Order at 2 (same).  Judge Sabraw came to the same conclusion, holding that "if the Court were to deny a stay of the proceedings and later be reversed on appeal on the issue of arbitration, the litigation expenses incurred during trial would defeat the important cost-limiting purpose of arbitration agreements."  *Laster* Order at 4. Judge Snyder similarly determined that "[i]f defendants are forced to continue litigation, they will lose the benefits of arbitration in the event the Ninth Circuit upholds the arbitration clause." *Stern* Order at *2.  And Judge Collins likewise explained that "[s]hould proceedings before this Court continue pending appeal, Defendants would clearly suffer irreparable harm.  They would be forced to incur the expense of litigation and trial preparation, which expense may well be for naught should the Ninth Circuit ultimately order arbitration."  *Sasik* Order at 2.

If a party "must undergo the expense and delay of a trial before being able to appeal, the advantages of arbitration—speed and economy—are ***lost forever***."  *Alascom, Inc. v. ITT N. Elec. Co.*, 727 F.2d 1419, 1422 (9th Cir. 1984) (emphasis added) (observing that these consequences

-8-

are "serious, perhaps, irreparable"); *see also Eberle*, 2008 WL 238450, at *3 (citing *Alascom*); *Winig* Order at *2 (citing *Alascom*); *Sasik* Order at 2 (citing *Alascom*). Though the cost of litigation may not be considered an irreparable harm in other circumstances, "it is a unique situation when these expenses are incurred pending an appeal of an order refusing to compel arbitration. Thus, when appealing the denial of a motion to compel arbitration, courts have considered ongoing litigation expenses as irreparable injury." *Eberle*, 2008 WL 238450, at *3 (internal citation omitted); *see also C.B.S.*, 716 F. Supp. at 310 ("The main purpose for defendants' appeal is to avoid the expense of litigation"; therefore, "the time and expense of litigation [do] constitute irreparable harm in this instance."). As the Seventh Circuit has explained:

> Arbitration clauses reflect the parties' preference for non-judicial dispute resolution, which may be faster and cheaper. These benefits are eroded, and may be lost or even turned into net losses, if it is necessary to proceed in both judicial and arbitral forums, or to do this sequentially. The *worst possible outcome* would be to litigate the dispute, to have the court of appeals reverse and order the dispute arbitrated, to arbitrate the dispute, and finally to return to court to have the award enforced. Immediate appeal under [9 U.S.C.] § 16(a) helps to cut the loss from duplication. Yet combining the costs of litigation and arbitration is what lies in store if a district court continues with the case while an appeal under § 16(a) is pending.

*Bradford-Scott Data Corp. v. Physician Computer Network*, 128 F.3d 504, 505-06 (7th Cir. 1997) (emphasis added); *see also Lummus Co. v. Commonwealth Oil Ref. Co.*, 273 F.2d 613, 613-14 (1st Cir. 1959) (granting motion to delay discovery pending appeal of district court's order because "a court order of discovery would be affirmatively inimical to appellee's obligation to arbitrate, if this court determines it to have such obligation * * *. Until it is determined whether this action has been properly brought, appellee should not receive any unnecessary fruits thereof"); *Trefny v. Bear Stearns Sec. Corp.*, 243 B.R. 300, 309 (S.D. Tex. 1999) (being "forced to participate in discovery" by which the "right to arbitrate the dispute will be jeopardized" represents irreparable injury).

These concerns are equally implicated by ATTM's appeal. If ATTM were to succeed on appeal, all further proceedings, including discovery and resolution of the merits, would take place before an arbitrator, not this Court. If proceedings were to continue in this Court while ATTM's appeal is pending, such duplication of effort would result in irreparable harm to ATTM.

-9-

### B.   Any Delay In Proceedings Occasioned By A Stay Would Not Cause Plaintiff Material Injury.

On the other side of the ledger, Kaltwasser would suffer no comparable harm if the Court were to grant a stay.  For one thing, it is undisputed that Kaltwasser's claim is small (if it has any monetary value at all); hence, delay in the adjudication of that claim cannot possibly harm him financially.  And even if it could, he retains the option of pursuing his claims in small claims court or sending ATTM a notice of the dispute and commencing arbitration, both of which courses would result in resolution of his claim years before he is likely to receive a final judgment in this putative class action.[5]

Any other harm that Kaltwasser might sustain because of a stay does not compare to the unjustifiable waste of time and money that would result from proceeding with this litigation before the Ninth Circuit decides whether this dispute is even subject to judicial resolution.  *See, e.g., C.B.S.*, 716 F. Supp. at 310 (general disadvantage to plaintiff caused by delay of proceedings was outweighed by potential injury to defendant from proceeding in district court during pendency of appeal); *Trefny,* 243 B.R. at 310 (same).

### C.   A Stay Would Be In The Public Interest.

A stay would be in the public interest because it would promote the important policy goals of judicial efficiency and economy.  If a stay is not granted, this Court no doubt will have to devote considerable additional time addressing motions and supervising discovery—time that could otherwise be devoted to the many other matters pending on this Court's docket.  Put sim-

---

[5]   Kaltwasser no doubt will contend that the delay will injure the absent class members. But no class has been certified yet (and none may ever be certified), so any injury to absent class members—which again would be quite small on an individual basis—is too speculative to weigh in the balance. As Judge Chesney has noted:

> Even if [the alleged] conduct ultimately is determined to be unlawful, however, the proposed class will have suffered little additional injury as a result of the stay, given what appears to be a small amount of monetary damages assertedly suffered by the individual members of the proposed class.  * * *  Moreover, any such injury can be redressed by an award of damages if plaintiff ultimately prevails.

*Winig* Order, at *2.

ply, it "does not make sense for this Court to expend its time and energy preparing this case for trial and possibly trying it only to learn at a later date from the court of appeals that it was not the proper forum to hear the case." *C.B.S.,* 716 F. Supp. at 310; *Winig* Order at *3 (quoting *C.B.S.*).

For this reason, "a stay would * * * serve the public's interest in promoting the 'strong federal policy encouraging arbitration as a prompt, economical and adequate method of dispute resolution.'" *Laster* Order at 4 (quoting *A.G. Edwards & Sons, Inc. v. McCollough,* 967 F.2d 1401, 1404 n.2 (9th Cir. 1992) (internal quotation marks omitted)); *see also Eberle*, 2008 WL 238450, at *4 ("policies encouraging arbitration and the preservation and integrity of judicial resources" would be "undermine[d]" by "risk of redundant or inconsistent actions"); *Ford* Order at 4 (public interest favors granting stay); *Cervantes* Order at 3 (same); *Stern* Order at 3 (same); *Winig* Order at *3 ("a stay would advance the public interest in arbitration by ensuring that Cingular is not required to litigate the instant action in district court unless and until the Ninth Circuit resolves the pending appeal in plaintiff's favor"); *Sasik* Order at 2 ("[T]he public interest also weighs in favor of granting a stay. * * * [B]y specifically permitting immediate interlocutory appeals from denials of * * * arbitration, Congress has further indicated that all questions of whether a dispute should be arbitrated should be resolved before the parties' time and money are spent in litigation.").

Thus, the balance of hardships tips decidedly in favor of granting a stay, and when "the public interest is included, that balance is overwhelming." *Lopez v. Heckler*, 713 F.2d 1432, 1438 (9th Cir. 1983).

## CONCLUSION

The Court should stay all proceedings, including discovery, pending resolution of ATTM's appeal from the Court's order denying its motion to compel arbitration.

-11-

1    DATED:  April 17, 2008

2

3

4    *Of Counsel:*

5    Evan M. Tager
     Archis A. Parasharami

6    MAYER BROWN LLP
     1909 K Street, N.W.

7    Washington, D.C. 20006-1101
     Telephone: (202) 263-3000

8    Facsimile:  (202) 263-3300

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MAYER BROWN LLP

By:  /s/ Donald M. Falk_____
        Donald M. Falk

Donald M. Falk (SBN 150256)
MAYER BROWN LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA  94306-2112
Telephone:  (650) 331-2000
Facsimile:  (650) 331-2060
E-mail:      dfalk@mayerbrown.com

David L. Balser (GA 035835)
      (admitted *pro hac vice*)
Nathan L. Garroway (GA 142194)
      (admitted *pro hac vice*)
MCKENNA LONG & ALDRIDGE LLP
303 Peachtree Street, N.E., Suite 5300
Atlanta, GA 30308
Telephone:  (404) 527-4000
Facsimile:   (404) 527-4198
Email:      dbalser@mckennalong.com
                ngarroway@mckennalong.com

Attorneys for Defendant AT&T MOBILITY LLC
f/k/a Cingular Wireless LLC

-12-