**E-Filed 8/22/2008**

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| JONATHAN C. KALTWASSER,<br><br>         Plaintiff,<br><br>    v.<br><br>CINGULAR WIRELESS LLC, a Delaware Corporation,<br><br>         Defendant. | Case Number C 07-00411<br><br>ORDER[1] DENYING MOTION TO STAY PENDING APPEAL OF DENIAL OF MOTION TO COMPEL ARBITRATION |

## I. BACKGROUND

Plaintiff, Jonathan C. Kaltwasser ("Kaltwasser") filed the complaint in this action on January 22, 2007. On October 2, 2007, after settlement negotiations failed, Defendant, Cingular Wireless LLC, n/k/a AT&T Mobility LLC ("Cingular") filed a motion to compel arbitration, and the parties stipulated to extend Cingular's time to answer or otherwise move with respect to Kaltwasser's complaint until the Court had ruled on the motion to compel arbitration. On April

---

[1] This disposition is not designated for publication and may not be cited.

1  11, 2008, the Court denied the motion to compel arbitration, and on April 15, 2008 Cingular filed
2  a Notice of Appeal with respect to that ruling.  On April 17, 2008, Cingular filed the instant
3  motion to stay pending appeal.

## II.  LEGAL STANDARD

Although a court order denying a motion to compel arbitration is immediately appealable, 9 U.S.C. § 16(a)(3), a district court is not required to stay proceedings pending appeal.  *See Britton v. Co-op Banking Group*, 916 F.2d 1405, 1412 (9th Cir. 1990).  A motion for a stay pending appeal is evaluated under two interrelated legal tests.  *Artikovic v. Rison*, 784 F.2d 1354, 1355 (9th Cir. 1986).  The two tests represent the outer reaches of a single continuum.  *Id*.  At one end of the continuum, the party seeking a stay must show both a probability of success on the merits of its appeal and the possibility of irreparable injury.  *See id.*  At the other end of the continuum, it must demonstrate that serious legal questions are raised and that the balance of hardships tips sharply in its favor.  *See id.*

## III.  DISCUSSION

1.  Order Denying Motion to Compel Arbitration

Kaltwasser's Wireless Service Agreement contains the following arbitration clause:

> Cingular and you . . . agree to arbitrate all disputes and claims arising out of or relating to this Agreement for Equipment or services between Cingular and you . . . . You and Cingular agree that YOU AND CINGULAR MAY BRING CLAIMS AGAINST THE OTHER ONLY IN YOUR OR ITS INDIVIDUAL CAPACITY, and not as a plaintiff or class member in any purported class or representative proceeding.
> . . .
> Notwithstanding any provision in this Agreement to the contrary, we agree that if Cingular makes any change to this arbitration provision . . . during your Service Commitment, you may reject any such change and require Cingular to adhere to the language in this provision if a dispute between us arises.

*See* Declaration of Neal S. Berinhout in Support of Motion of Defendant to Compel Arbitration and Dismiss Litigation Pursuant to the Federal Arbitration Act. ("Berinhout Decl."), Exs. 4, 7. In its motion to compel arbitration, Cingular argued that arbitration was required based upon the following modification to the original agreement:

> Cingular and you agree to arbitrate **all disputes and claims** between us.  This agreement to arbitrate is intended to be broadly interpreted.  It includes, but is not

2

limited to: claims arising out of or relating to any aspect of the relationship between us . . .; claims that arose before this or any prior Agreement (including, but not limited to, claims relating to advertising); claims that are currently the subject of purported class action litigation in which you are not a member of a certified class; and claims that may arise after the termination of this agreement.

*Id*. Although Cingular alleges that this modification was mailed to Kaltwasser in December of 2006, Kaltwasser claims that he neither received nor accepted the modification.

The Court concluded that the arbitration clause Cingular seeks to enforce is unconscionable under California law. The Court first addressed the question of which state's law applies. The Wireless Services Agreement provides that "[t]he law of the state of your billing address shall govern this agreement." Berinhout Decl., Ex. 7. Kaltwasser asserted that California law applies because he had a California billing address at the time he entered into the contract, while Cingular contended that the Court should apply Virginia law because Kaltwasser had a Virginia address at the time the instant action was filed. Following the principles set forth in § 187 of the Restatement,[2] the Court first found that California law applies to the contract because: (1) Virginia does not have a substantial relationship to the parties because it is not the state in which the contract was formed nor is it the state under whose laws the dispute arises; and (2) application of Virginia law would conflict with California public which disfavoring class action waivers.

The Court next applied California law and found that the modification was a contract of adhesion. As it explained:

> Cingular, the party with superior bargaining power, drafted the Wireless Service

---

[2] Section 187 provides:

> The law of the state chosen by the parties to govern their contractual rights and duties will be applied, . . ., unless either (a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties choice, or (b) the application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue . . . .

RESTATEMENT SECOND OF CONFLICT OF LAWS § 187(2) (1971).

>   Agreement and presented it to Kaltwasser in a take-it-or-leave-it format, with no opportunity for negotiation, while retaining the unilateral right to amend its terms.[3]
>
>   "The substantive component is satisfied by overly harsh or one-sided results that 'shock the conscience.'" *Comb*, 218 F. Supp. 2d at 1172 (citing *Blake v. Ecker*, 93 Cal. App. 4th 728, 742 (Cal. Ct. App. 2nd Dist. 2001)). California courts have recognized that arbitration clauses that are likely to be enforced by one party and not another in fact are one-sided. *See Discover Bank*, 36 Cal. 4th at 161 ("Although styled as a mutual prohibition on representative or class actions, it is difficult to envision the circumstances under which the provision might negatively impact Discover [Bank] because credit card companies typically do not sue their customers in class action lawsuits.") (citing *Szetela,* 97 Cal. App. 4th at 1101). "Such one-sided exculpatory contracts in a contract of adhesion, at least to the extent they operate to insulate a party from liability that otherwise would be imposed under California law, are generally unconscionable." *Discover Bank*, 36 Cal. 4th at 161.

Order dated April 11, 2008 at 7-8.

2.      Likelihood of Success on Appeal

Cingular argues that it is likely to succeed in its appeal because the Court's choice of law determination was erroneous.[4] Framing the interpretation of the parties choice of law provision as a "matter of first impression," Cingular contends that because the parties intended the clause

---

[3] Although the Wireless Service Agreement provides that Kaltwasser has the right to accept any amendments or reject the amendments and hold Cingular to the terms of the original contract, the Amendment specifies no means of rejecting the modified terms other than cancelling service. California courts have held that such an offer is procedurally unconscionable. *See Szetela v. Discover Bank*, 97 Cal. App. 4th 1094, 1100 (Cal. Ct. App. 4th Dist. 2002) (finding procedural unconscionability where a bank provided customers with amendments to their cardholder agreements in the form of bill stuffers, which customers were deemed to have accepted if they did not close their account).

In the same vein, the Ninth Circuit recently has held that "a party can't unilaterally change the terms of a contract; it must obtain the other party's consent before doing so. This is because a revised contract is merely an offer and does not bind the parties until it is accepted." *Douglas v. U.S. Dist. Ct. for the Cent. Dist. of California*, 495 F.3d 1062, 1066 (9th Cir. 2007) (citation omitted).

[4] Cingular also argues that it will succeed in its appeal with respect to the Court's finding of unconscionablity. Cingular argues that the modified arbitration provision allegedly sent to Kaltwasser in December of 2006 is not unconscionable under Ninth Circuit law because *Shroyer* involved the original arbitration clause. However, Cingular does not explain why the modified provision, which also contains a class action arbitration waiver, is not unconscionable for the reasons set forth in *Shroyer*.

4

to refer to the billing address at the time a lawsuit is filed, it will succeed in arguing that Virginia law applies. However, §187 provides that the law chosen by the parties governs the contract *unless* (1) the chosen state does not have a substantial relationship; or (2) the application of the law of the chosen state would be contrary to public policy. RESTATEMENT SECOND OF CONFLICT OF LAWS § 187(2) (1971). In its order denying Cingular's motion to compel arbitration, the Court determined that irrespective of the parties' subjective intent, it would be inappropriate to apply Virginia law because California has a substantial interest and the application of Virginia law would violate California's public policy. Even assuming Cingular could show that the parties somehow contemplated that Virginia law would apply, an assumption Kaltwasser disputes Cingular's appeal on that basis is unlikely to succeed.

Cingular also argues that it will be able to show that Virginia law should apply even under the Restatement because the application of Virginia law would not violate California's public policy. However, the California Supreme Court has held explicitly that "class action waivers . . . may operate effectively as exculpatory contract clauses that are contrary to public policy." *Discover Bank v. Superior Court of Los Angeles*, 36 Cal. 4th 148, 161 (Cal. 2005), and Cingular has not cited any Ninth Circuit authority to the contrary.[5]

3.  Balancing of Harms

Both parties argue that they will be irreparably harmed if Cingular's motion for stay is not decided in their favor. Kaltwasser argues that while Cingular will not be prejudiced by the commencement of discovery, further delay of this action, which has been pending for over a year, will lead to a loss of evidence and "fading memories." Cingular contends that the cost of litigating class certification, conducting discovery, filing dispositive motions and proceeding to trial outweighs the potential cost to Kaltwasser, which it estimates to be relatively small based on the size of his claim. Except with respect to the cost associated with briefing and arguing a

---

[5] As the Court noted in its previous order, on at least four occasions district courts within the Ninth Circuit have concluded that the application of Virginia law in similar circumstances would violate California's public policy.

1  motion for class certification, the Court agrees with Kaltwasser.  *See Pagthlunan v. Galaza*, 291
2  F.3d 639, 643 (9th Cir. 2002).

### IV.  ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that the motion to stay is DENIED.  The parties may proceed with discovery, and Kaltwasser may file a motion for class certification.  However, Cingular need not file opposition to that motion, and a briefing schedule will not be established , until the pending appeal has been decided.

DATED: August 22, 2008

_____
JEREMY FOGEL
United States District Judge

| | |
|---|---|
| 1 | This Order has been served upon the following persons: |
| 2 | |
| 3 | Michael David Braun         service@braunlawfroup.com |
| 4 | Janet Lindner         jlspielberg@jlslp.com |
| 5 | Joseph N. Kravaec, Jr.         Jnk@ssem.com |
| 6 | Robert Ira Spiro         ira@spiromoss.com |
| 7 | Wyatt A. Lison         wiolson@ssem.com |
| 8 | David L. Balser         dbalser@mckennalong.com |
| 9 | Donald M. Falk         dfalk@mayerbrown.com |
| 10 | Felicia Yi-Wen Feng         ffeng@mckennalong.com |
| 11 | Nathan Lewis Garroway         ngarroway@mckennalong.com |

7

Case No. C 07-411
ORDER DENYING MOTION TO STAY PENDING APPEAL OF DENIAL OF MOTION TO COMPEL ARBITRATION
(JFLC1)