**E-Filed 6/8/2010**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| JONATHAN C. KALTWASSER,<br><br>  Plaintiff,<br><br>  v.<br><br>CINGULAR WIRELESS LLC, a Delaware Corporation,<br><br>  Defendant. | Case Number C 07-00411 JF (PVT)<br><br>ORDER[1] DENYING EMERGENCY ADMINISTRATIVE MOTION TO STAY ACTION<br><br>[re: document no. 146] |

## I. BACKGROUND

Plaintiff Jonathan C. Kaltwasser ("Kaltwasser") filed the complaint in this action on January 22, 2007. On October 2, 2007, after settlement negotiations failed, Defendant Cingular Wireless LLC, now known as AT&T Mobility LLC, ("Cingular") moved to compel arbitration, and the parties stipulated to extend Cingular's time to answer or otherwise move with respect to Kaltwasser's complaint until the Court had ruled on the motion to compel arbitration. On April 11, 2008, the Court denied the motion to compel arbitration, and on April 15, 2008 Cingular filed a Notice of Appeal with respect to that ruling. Cingular then filed a motion to stay the instant

---

[1] This disposition is not designated for publication and may not be cited.

action pending appeal which the Court denied on August 22, 2008. On October 1, 2009, the Ninth Circuit affirmed this Court's order denying the motion to compel arbitration.

On February 26, 2010, Kaltwasser filed a motion to certify the proposed plaintiff class. The hearing on Kaltwasser's motion for class certification was scheduled for June 11, 2010.[2] On May 24, 2010, the United States Supreme Court granted *certiorari* in *AT&T Mobility LLC v. Concepcion*, No. 09-893, for the purpose of reviewing, *inter alia*, the Ninth Circuit's decision in *Laster v. AT&T Mobility LLC*, 584 F.3d 849 (9th Cir. 2009). *AT&T Mobility LLC v. Concepcion*, --- S.Ct. ----, 2010 WL 303962, 78 USLW 3454, 78 USLW 3677, 78 USLW 3687 (U.S. May 24, 2010) (NO. 09-893). The issue presented in *Concepcion* is whether the Federal Arbitration Act ("FAA") preempts the State of California from conditioning the enforcement of an arbitration agreement on the availability of class-wide arbitration. On May 26, 2010, in light of the Supreme Court's decision to grant *certiorari*, Cingular filed the instant "Emergency Administrative Motion to Stay" all pending proceedings in the instant action. The arbitration provision at issue in *Concepcion* was implemented by Cingular in December 2006 and is the same provision that this Court declared unconscionable under California law when it denied Cingular's motions to compel arbitration and for a stay pending appeal. That provision reads, "You and Cingular agree that YOU AND CINGULAR MAY BRING CLAIMS AGAINST THE OTHER ONLY IN YOUR OR ITS INDIVIDUAL CAPACITY, and not as a plaintiff or class member in any purported class or representative proceeding." Order Denying Motion to Compel Arbitration at 2. The FAA preemption argument raised by Cingular in *Concepcion* is identical to that rejected by this Court and by the Ninth Circuit.

## II. LEGAL STANDARD

The power to grant a stay in pending litigation is incidental to the power inherent in every court to control the disposition of the cases on its docket. *Landis v. North American Co.*, 299 U.S. 248, 254-55, 57 S.Ct. 163, 81, L.Ed. 153 (1936). In an exercise of that discretion, the Court

---

[2] On June 3, 2010, the Court continued the scheduled hearing on Kaltwasser's motion for class certification from June 11 to July 2 to permit orderly consideration of the instant motion to stay.

must weigh "the competing interests which will be affected by the granting or refusal to grant a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir.2005), citing *CMAX Inc. v. Hall,* 300 F.2d 265, 268 (9th Cir. 1962). "Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones,* 520 U.S. 681, 708, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997). The moving party "must make out a clear case of hardship or inequity in being required to go forward." *Lockyer,* 398 F.3d at 1109*,* quoting *Landis,* 299 U.S. at 255. "Only in rare circumstances will a litigant in one case be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both. *Id.* at 1109-10, quoting *Landis*, 299 U.S. at 255.

### III. DISCUSSION[3]

Cingular requests that the Court stay the instant action indefinitely pending the Supreme Court's resolution of *Concepcion* to avoid unnecessary burden and prejudice to Cingular, as well as to prevent waste of judicial resources. Cingular asserts that if the Supreme Court reverses the Ninth Circuit's holding in *Laster* and concludes that the FAA requires the enforcement of its 2006 arbitration provision no class could be certified in this case because Kaltwasser would not be able to satisfy the requirements of Fed. R. Civ. P. 23(a). *Id.* (providing that a plaintiff seeking

---

[3] Kaltwasser contends that the instant motion to stay should be denied because Cingular improperly noticed it as an administrative matter. "A motion to stay all litigation proceedings is not an 'administrative matter' suitable for expedited and summary disposition pursuant to Local Rule 7-11." *Morgenstein v. AT&T Mobility LLC*, No. CV 09-3173 SBA, 2009 WL 3021177, at *1 (Sept. 17, 2009), quoting *Omoregie v. Boardwalk Auto Center, Inc.,* No. C 07-3884(PJH), 2008 WL 4792643 (N.D. Cal. Oct.31, 2008) (Hamilton, J.), Slip Op. at *1; *Advanced Internet Technologies, Inc. v. Google Inc.,* Nos. C-05-02579 RMW, C-05-02885 RMW, 2006 WL 889477, at *1 (N.D. Cal. Apr. 5, 2006) ("A request for a stay in a putative class action is hardly the sort of minor administrative matter that is appropriate for treatment under Civil L.R. 7-10(b)"). However, in light of the lack of prejudice to Kaltwasser who filed an opposition to Cingular's motion and this Court's preference not to place form before substance, the Court will consider Cingular's motion.

to bring a class action has the burden of showing that: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class); *see also Dukes v. Wal-Mart, Inc.,* 509 F.3d 1168, 1176 (9th Cir. 2007). For several reasons, the Court finds Cingular's assertion unpersuasive.

First, if the Supreme Court affirms the Ninth Circuit's holding in *Laster*, Kaltwasser's motion for class certification will be unaffected. Cingular does not contest this point. Second, even if the Supreme Court reverses the Ninth Circuit's holding and finds that California law is preempted by the FAA, it is far from clear that no class could be certified in the instant action. This Court previously determined – a determination that the Ninth Circuit affirmed – that Kaltwasser himself effectively rejected the December 2006 arbitration provision. *Kaltwasser v. Cingular Wireless, LLC*, 350 Fed.Appx. 108, 109 (9th Cir. 2009) (holding that "because Kaltwasser effectively rejected the revised arbitration agreement, it is only the original agreement that is applicable here"). Accordingly, the provision at issue in *Concepcion* does not apply to Kaltwasser. While the Supreme Court's determination in *Concepcion* obviously will affect the rights of certain members of the proposed class in the instant action – including those purported plaintiffs who did not reject the December 2006 clause or terminated their Cingular service contracts after the December 2006 arbitration clause took effect[4] – its effect would not be to prevent the certification of *any* plaintiff class. At most, as Kaltwasser contends, it would narrow the scope of any class.

Cingular argues that a class consisting of customers who rejected the December 2006 arbitration clause could not be certified because: (1) it would "require time-consuming individual inquiries of putative class members, precluding the class from being realistically ascertainable," Motion at 3; (2) "individualized questions on the threshold issue of arbitration alone would

---

[4] Kaltwasser's proposed class includes "all Cingular customers who contracted with Cingular wireless phone services on or after March 1, 2006 in the State of California." Complaint ¶ 35.

4

overwhelm [or predominate] any common or legal factual questions among the putative class members," *id.* at 4; and (3) the necessity of an individualized inquiry into whether a class member had the right to reject the 2006 arbitration agreement and effectively exercised that right would make Kaltwasser's proposed class action "flunk the manageability test." *Id.*  Each of these arguments assumes that the Court would have to engage in a fact-intensive determination as to whether each class member effectively rejected the December 2006 arbitration agreement.[5]

However, the Court already has determined that the form Wireless Service Agreement provided by Cingular to its customers prior to December 2006 included the right to reject any amendments, including the revised arbitration clause, and hold Cingular to the terms of the original contract.  Order Denying Motion to Compel Arbitration at 7 n. 5 ("Although the Wireless Service Agreement provides that Kaltwasser has the right to accept any amendments or reject the amendments and hold Cingular to the terms of the original contract, the Amendment specifies no means of rejecting the modified terms, other than cancelling service.")  Accordingly, because each purported class member received the same form contract from Cingular, it is questionable whether the Court would need to engage in an individualized inquiry as to whether a purported class member had the right to reject the concerned provision.

In addition, Cingular has stipulated that its electronic files contain the account records for all purported class members.  Under these circumstances, even if some type of individualized inquiry as to whether a purported class member effectively rejected the December 2006 arbitration clause were required, it well may be, as contended by Kaltwasser, that a "simple reference" to Cingular's electronic files "will show the subscribers who rejected the December 2006 arbitration clause." Opposition at 3.  Kaltwasser concedes that any potential class member who has not communicated his or her rejection to Cingular by now "would be out of time to do so." *Id.*

"[A] stay pending the resolution of an appeal in another case should be denied where it is

---

[5] This Order is not intended to be an advisory ruling with respect to any future motion for class certification.

speculative what effect, if any, the decision on appeal in the other case will have and because even if such effect were clear, 'only in rare circumstances will a litigant in one c[a]se be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.'" *Morgenstein,* 2009 WL 3021177, at *2, citing *Dister v. Apple-Bay East, Inc.,* No. C 07-01377 SBA, 2007 WL 4045429, at *5 (N.D. Cal. Nov. 15, 2007).  It is speculative what effect, if any, the Supreme Court's decision in *Concepcion* will have on the instant action. Accordingly, the motion to stay the instant action in its entirety pending resolution of *Concepcion* will be denied.  However, in light of Plaintiff's concession that the Supreme Court's decision in *Concepcion* could result in a narrower plaintiff class, the Court will request further briefing from Kaltwasser with respect to why the hearing on Kaltwasser's motion for class certification should not be deferred until such a ruling is issued.

## IV.  ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that the motion to stay the instant action is DENIED.  On or before June 15, 2010 Kaltwasser shall file a letter brief not to exceed five pages in length addressing why the Court should not defer the hearing on the motion for class certification until the Supreme Court issues a ruling in *AT&T Mobility LLC v. Concepcion*, No. 09-893.  Cingular may file a reply, not to exceed five pages in length, on or before June 18, 2010.

**IT IS SO ORDERED.**

DATED: June 8, 2010

JEREMY FOGEL
United States District Judge