**E-Filed 6/21/2010**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| JONATHAN C. KALTWASSER,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>CINGULAR WIRELESS LLC, a Delaware Corporation,<br><br>　　　　　　Defendant. | Case Number C 07-00411 JF (PVT)<br><br>ORDER[1] DEFERRING DETERMINATION OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION |

## I. BACKGROUND

Plaintiff Jonathan C. Kaltwasser ("Kaltwasser") filed the complaint in this action on January 22, 2007. On October 2, 2007, after settlement negotiations failed, Defendant Cingular Wireless LLC, now known as AT&T Mobility LLC, ("Cingular") moved to compel arbitration, and the parties stipulated to extend Cingular's time to answer or otherwise move with respect to Kaltwasser's complaint until the Court had ruled on the motion to compel arbitration. On April 11, 2008, the Court denied the motion to compel arbitration, and on April 15, 2008 Cingular filed a Notice of Appeal with respect to that ruling. Cingular then moved to stay the instant action

---

[1] This disposition is not designated for publication and may not be cited.

pending appeal. The Court denied that motion on August 22, 2008. On October 1, 2009, the Ninth Circuit affirmed this Court's order denying the motion to compel arbitration.

On February 26, 2010, Kaltwasser filed a motion to certify the proposed plaintiff class. The hearing on Kaltwasser's motion for class certification was scheduled for June 11, 2010.[2] On May 24, 2010, the United States Supreme Court granted certiorari in *AT&T Mobility LLC v. Concepcion*, No. 09-893, for the purpose of reviewing, *inter alia*, the Ninth Circuit's decision in *Laster v. AT&T Mobility LLC*, 584 F.3d 849 (9th Cir. 2009). *AT&T Mobility LLC v. Concepcion*, --- S.Ct. ----, 2010 WL 303962, 78 USLW 3454, 78 USLW 3677, 78 USLW 3687 (U.S. May 24, 2010) (NO. 09-893). The question presented in *Concepcion* is whether the Federal Arbitration Act ("FAA") precludes California from conditioning the enforcement of an arbitration agreement on the availability of class-wide arbitration. The arbitration provision at issue in *Concepcion* was implemented by Cingular in December 2006 and is the same provision that this Court declared unconscionable under California law when it denied Cingular's motions to compel arbitration and for a stay pending appeal. That provision reads, "You and Cingular agree that YOU AND CINGULAR MAY BRING CLAIMS AGAINST THE OTHER ONLY IN YOUR OR ITS INDIVIDUAL CAPACITY, and not as a plaintiff or class member in any purported class or representative proceeding." Order Denying Motion to Compel Arbitration at 2. The FAA preemption argument raised by Cingular in *Concepcion* is identical to that rejected by this Court and by the Ninth Circuit.

On May 26, 2010, in light of the Supreme Court's decision to grant certiorari, Cingular filed an "Emergency Administrative Motion to Stay" all pending proceedings in the instant action. On June 8, 2010, the Court denied the motion but requested further briefing from both parties with respect to whether the hearing on Kaltwasser's motion for class certification should be deferred until a ruling is issued in *Concepcion*.

---

[2] On June 3, 2010, the Court continued the scheduled hearing on Kaltwasser's motion for class certification from June 11 to July 2 to permit orderly consideration of Cingular's instant motion to stay.

## II. LEGAL STANDARD

The power to grant a stay in pending litigation is incidental to the power inherent in every court to control the disposition of the cases on its docket. *Landis v. North American Co.*, 299 U.S. 248, 254-55, 57 S.Ct. 163, 81, L.Ed. 153 (1936). In an exercise of that discretion, the Court must weigh "the competing interests which will be affected by the granting or refusal to grant a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir.2005), citing *CMAX Inc. v. Hall,* 300 F.2d 265, 268 (9th Cir. 1962). "Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones,* 520 U.S. 681, 708, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997). The moving party "must make out a clear case of hardship or inequity in being required to go forward." *Lockyer,* 398 F.3d at 1109*,* quoting *Landis,* 299 U.S. at 255. "Only in rare circumstances will a litigant in one case be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both. *Id.* at 1109-10, quoting *Landis*, 299 U.S. at 255.

## III. DISCUSSION

Kaltwasser proposes a class that includes all AT&T Mobility LLC ("ATTM") customers in California "who contracted with Cingular wireless phone services on or after March 1, 2006." Complaint ¶ 35. In his motion for class certification, Kaltwasser asserts that this proposed class may include "hundreds of thousands (if not millions) of Californians." Motion for Class Certification at 1. In its order dated June 8, 2010, this Court concluded that even if the Supreme Court reverses the Ninth Circuit's holding and finds that California law is preempted by the FAA, it is far from clear that no class could be certified in the instant action. However, Kaltwasser acknowledges that such a decision likely would narrow significantly the scope of any certifiable plaintiff class to: (1) customers such as Kaltwasser who rejected the December 2006 revised arbitration clause; and (2) customers who initiated or renewed their Cingular service on or after March 1, 2006, but terminated their service before December 2006.

1    Cingular asserts that it knows of only one California customer who affirmatively rejected
the arbitration provision. In addition, it claims that because most of its service agreements
extend for two or more years, the number of customers who initiated or renewed their service
agreement on or after March 1, 2006, but terminated their service before December 2006 will be
"dramatically lower than the 'millions' currently alleged by Plaintiff." Cingular Letter Brief at 3.
Accordingly, Cingular argues that it will be prejudiced if the Court allows the pending motion for
class certification to go forward, as the difference in size of the potential plaintiff class will have
a profound impact on the extent and cost of merits and expert discovery. The Court agrees.

With a smaller class, the class period would be cut in half, affecting the collection,
review, and production of documents, the number of witnesses, and extent of expert analysis, as
well as necessary defense discovery. It also is reasonable to assume, as argued by Cingular, that
the cost and administration of surveys of class members with respect to their experience with
dropped calls will be impacted significantly by the ultimate size of the class, as will the cost of
providing notice.

Kaltwasser argues that proceeding with the class certification motion now will benefit not
only class members who remain after *Concepcion* but also those who may be excluded, as the
cost of discovery in private arbitration with respect to the latter group would be reduced.
However, the nature and extent of discovery permissible in private arbitration is fundamentally
different from that allowed in class-action litigation. Any benefit to potential class members who
may be excluded later would be substantially outweighed by the discovery costs Cingular would
be required to incur were the Court to grant Kaltwasser's motion for certification of the proposed
class.

Plaintiff's most compelling argument for maintaining the current hearing date is that
deferral of the pending motion for class certification effectively would amount to a stay of the
entire action. However, it makes little sense to certify a large class when there is at least a
reasonable likelihood that the Supreme Court may hold that certification of such a class would be
inappropriate.

Case Number C 07-00411 JF (PVT)
ORDER DEFERRING DETERMINATION OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
(JFLC1)

## IV.  ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that determination of Kaltwasser's motion for class certification is DEFERRED pending the ruling of the United States Supreme Court in *AT&T Mobility LLC v. Concepcion*, No. 09-893, or until further order of the Court.  The July 2, 2010 hearing date on the motion is hereby vacated.

**IT IS SO ORDERED.**

DATED: June 21, 2010

_____
JEREMY FOGEL
United States District Judge